WILLIAM L. MATHEWS v. DAVID V. YEREX.

*Action crim. con.—Wife not allowed to testify.*

Under Michigan statutes a wife is not a competent witness for her husband in a suit brought by him for criminal conversation. Comp. L. § 5969.

Error to Lapeer.     Submitted Apr. 12.     Decided June 7.

CASE.     Plaintiff brings error.     Affirmed.

*Moore & Bentley* for appellant.     At the common law the wife was a competent witness for the husband after the marital relation had ceased: *Ratcliff v. Wales* 1 Hill 63; *Dickerman v. Graves* 6 Cush. 308; or where the wife was examined by consent: *Parsons v. People* 21 Mich. 513; and inability to testify on account of the marital relation is removed by Comp. L. § 5966: *People v. Thomas* 9 Mich. 314; *Morrissey v. People* 11 Mich. 341; *Grimm v. People* 14 Mich. 306.

*Geer & Williams* for appellee.

GRAVES, C. J.     The only question presented by this case is whether the wife during the continuance of the state of marriage is a competent witness for her husband in a suit for criminal conversation.     By the common law she was incompetent, and she still remains so unless the rule has been abrogated by the Legislature, and we think this has not been done.

The enactments to remove disabilities and liberate the law of evidence from many of its ancient fetters must be considered together. They compose a common scheme intended to prescribe in more or less general terms the doing away of common-law rules of incompetency, and at the same time are intended to declare certain limitations and exceptions which should not be passed or disregarded. It may be admitted that the broad terms used in that part of the scheme which is employed in taking away disabilities, would, if viewed entirely by themselves, so operate as to render the wife competent in an action of this kind. But such an application of the statute would be a plain misuse of it. Recourse must be had to those parts intended to restrain and cut short the generality of the others and make exceptions thereto. Of that kind is the last clause of Comp. L. § 5969, which provides that in "any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify." This appears to the Court as a clear expression by the Legislature that the clauses removing incompetency should not extend to such a case as this.

The ruling below was correct, and the judgment is affirmed with costs.

The other Justices concurred.